

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-1489
Re: Right of the Tax Assessor-
Collector of Howard County
to count cattle in pastures
lying in his county and in
county line pastures.

We are in receipt of your letter of September 21, 1939,
in which you request an opinion of this Department as to what right
Mr. J. F. Wolcott, Tax Assessor-Collector of Howard County, has to
go on property in his county to count cattle and also to go on county
line pastures for the same purpose.

Article 7189 of the Revised Civil Statutes, provides the
method of assessment of personal property as well as real property:

"Assessors of taxes shall, between the first day of
January and the thirtieth day of April of each year, pro-
ceed to take a list of taxable property, real and personal,
in his county and assess the value thereof in the manner
following, to-wit: By calling upon the person, or by call-
ing at the office, place of business or the residence of
the person, and listing the property required by law in his
name, and requiring such person to make a statement under
said oath of such property in the form hereinafter prescribed."

In a case where a person refuses or neglects to list part
of his property, Article 7102 of the Revised Civil Statutes applies,
and reads as follows:

"In every case where any person whose duty it is to
list any property for taxation has refused or neglected to
list the same when called on for that purpose by the
assessor of taxes, or has refused to subscribe to the oath
in regard to the truth of his statement of property, or
any part thereof, when required by the tax assessor, the

Hon. Geo. H. Sheppard, Page 2

assessor shall note in a book the name of such person
who refused to list or to swear; and in every case where
any person required to list property for taxation has
been absent or unable from sickness to list the same,
the tax assessor shall note in a book such fact, together
with the name of such person."

Article 7193 of the Revised Civil Statutes makes it the
duty of the Tax Assessor to ascertain the amount and value of pro-
perty not assessed under the provisions of Article 7192:

"In all cases of failure to obtain a statement of
real and personal property from any cause, the assessor
of taxes shall ascertain the amount and value of such
property and assess the same as he believes to be the
true and full value thereof; and such assessment shall
be as valid and binding as if such property had been
rendered by the proper owner thereof."

From the above quoted statute, it is clear that the Legis-
lature has made it the duty of the Tax Assessor to determine and as-
certain the amount and value of all personal property in his county
and to see that the same is assessed for taxes. It is a cardinal
principle of law that where a duty is placed upon an officer, he is
also given the power and authority to do that which is necessary for
the performance of that duty. See the cases of Terrell v. Sparks,
135 S. W. 519; Spencer v. Galveston, 56 Tex. 384; Callaghan v.
McGown, 90 S. W. 319.

It is necessary that the Tax Assessor have the power to go
on pastures to count cattle in order for him to be able to ascertain
the amount and value of said cattle. To hold otherwise, would be to
force him to rely solely upon the word of the taxpayer. It is doubt-
ful if under such a method taxes would be assessed equally and uniformly.

The duty of a Tax Assessor in assessing property was dis-
cussed in the case of Republic Insurance Company v. Highland Park
Ind. Sch. Dist. of Dallas County, 57 S. W. (2d) 627. The court stated
as follows:

"The quoted article (7193), and articles 7205 and
7218, give to the assessor the authority to list and value
property not rendered by the owner and place the same
upon the unrendered roll.

"In the event the list tendered by a taxpayer omits
property which he owns, the assessor is by these articles
authorized to list and value the omitted property and
place the same upon the unrendered roll."

Article 7155 concerns the taxing of livestock in county line pastures and provides as follows:

"All persons, companies and corporations owning pastures in this State which lie on county boundaries shall be required to list for assessment, all livestock of every kind owned by them in said pastures in the several counties in which such pastures are situated, listing in each county such portion of said stock as the land in such county is of the whole pasture. All persons, companies and corporations owning any kind of livestock in pasture not their own shall list said livestock in the several counties in which such pastures are situated in the same manner; and in both cases the tax upon such livestock shall be paid to the tax collector of the several counties in which such livestock is listed and assessed."

It is the opinion of this Department that the preferable procedure for the assessment of cattle in such county line pastures would be to have the collector of both of the counties in which said pasture is located or their deputies together enter upon said property for the purpose of counting the cattle located thereon.

Regardless of whether the above suggested procedure is followed or not, it is the opinion of this Department that a Tax Assessor has the right to count cattle situated on pastures which are either wholly or in part located in his county.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Billy Goldberg
Billy Goldberg
Assistant

BG:N   APPROVED OCT 27, 1939

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN